1  Zach Tuck
   1600 E. Vista Way #85
2  Vista, CA 92084
   Ph: 760-840-1813
3  carcrazytuck@yahoo.com

4  <u>Plaintiff In Pro Se</u>

FILED

MAY 0 1 2017

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

5

6

7        IN THE UNITED STATED DISTRICT COURT

8        SOUTHERN DISTRICT OF CALIFORNIA

9

10 <u>ZACH TUCK,</u>                          ) Case No. **17 CV 0 8 8 4 DMS NLS**
                                            )
11              Plaintiff,                   ) **COMPLAINT FOR DAMAGES AND**
                                            ) **INJUNCTIVE RELIEF FOR**
12 vs.                                       ) **VIOLATIONS OF THE**
                                            )
13 <u>NATIONAL CREDIT ADJUSTERS,</u>         ) 1) TELEPHONE CONSUMER PRACTICES ACT
   a nation wide professional consumer      )    (TCPA) 47 U.S.C. §227 *et. seq.*
14 debt collector,                          )
   CAPITAL ONE, a nation wide credit        ) 2) FAIR DEBT COLLECTION PRACTICES ACT
15 card company/creditor,                    )    (FDCPA) 15 U.S.C. §1692 *et seq.*
   <u>TRANS UNION, LLC,</u> a nation wide    )
16 credit reporting agency,                 ) 3) FAIR CREDIT REPORTING ACT
   <u>EXPERIAN,</u> a nation wide credit     )    (FCRA) 15 U.S.C. §1681 *et seq.*
17 reporting agency,                         )
   <u>EQUIFAX,</u> a nation wide credit      ) 4) CALIFORNIA ROSENTHAL FAIR DEBT
18 reporting agency,                         )    COLLECTION PRACTICES ACT
   <u>Does 1 - 25,</u>                       )    Civil Code §1788 *et seq.*
19                                           )
                Defendants.                  ) **DEMAND FOR DECLARATORY RELIEF**
20                                           ) **DEMAND FOR JURY TRIAL**

21                          <u>**COMPLAINT**</u>

22        COMES NOW, ZACH TUCK, plaintiff, In Pro Se in the above-entitled case as an

23 individual hereby sues the above-named defendant's and makes the following allegations

24 and claims against *all* of these same said defendant's for strict statutory violations of:

25 1) The Telephone Communications Practices Act (TCPA) 47 U.S.C.§227 *et. seq;*

26 2) The Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.;*

27 3) The Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.;*

28 4) The California Rosenthal Fair Debt Collection Practices Act (RFDCPA) §1788 *et seq.*

# I.  **PRELIMINARY STATEMENT**

1.  Plaintiff TUCK contends that defendant's have violated such laws by repeatedly harassing the plaintiff for the past several months with an *ongoing debt collection campaign* involving numerous illegal attempts to collect an alleged but <u>nonexistent consumer debt never owed to ANY of the Defendant's by the Plaintiff.</u>

# II.  **JURISDICTION AND VENUE**

2.  Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3) and also 15 U.S.C.§1692(k)(d). <u>All</u> Defendant's conduct business in the state of California and therefore personal jurisdiction is established.

3.  Venue is proper pursuant to 28 U.S.C.§1391b and California Civil Procedure §3959(a). Venue in this district is proper in that plaintiff TUCK resides in San Diego county, *all* of the defendant's transact daily business here, and the conduct complained of occurred here.

4.  This is an action for damages for $27,500.00 dollars.

# III.  **PARTIES**

5.  Plaintiff TUCK, a native Californian born in Glendale, CA in 1959 is a natural person.

6.  Upon information and belief defendant CAPITAL ONE, (hereinafter "C.O.") is a *creditor providing credit card accounts to consumers* all over the United States and beyond, C.O. is also authorized to do business in California, with a corporate headquarters located at 1680 Capital One Drive, McLean, Virginia, 22102.  Upon information and belief the registered *CEO is Richard D. Fairbanks*. Defendant C.O. is an entity which *professionally collects consumer debts* which among other activities, is a "*furnisher*" of negative consumer credit information **directly** to all three (3) national credit reporting agencies, (hereinafter "CRA'S")

7.  Upon information and belief defendant NATIONAL CREDIT ADJUSTERS, (hereinafter "N.C.A.") is a *professional consumer debt collection agency,* which amongst other things purchases and collects alleged consumer debts all over the United States and beyond, NCA is also authorized to do business in California, with a corporate headquarters

located at 327 W. 4th Ave., Hutchinson, Kansas, 67501. Upon information and belief the registered *CEO is Mark L. Huston*. Defendant NCA is an entity which *professionally collects consumer debts* which among other activities, is a "*furnisher*" of negative consumer credit information **directly** to all three (3) national credit reporting agencies .

    **8.**  Upon information and belief defendant TRANS UNION, LLC., (hereinafter "T.U.") is one the *three largest national credit reporting agencies* (hereinafter "CRA") which reports and maintains up to date consumer credit files all over the United States and beyond, TU is also authorized to do business in California, with a corporate headquarters located at 555 W. Adams Street, Floors 2-9, Chicago, Illinois, 60661. Upon information and belief the registered *CEO is James M. Peck*. Defendant TU is an entity which among other activities, is a "*furnisher*" of negative consumer credit information.

    **9.**  Upon information and belief defendant EXPERIAN., is one the *three largest national CRA'S* which reports and maintains up to date consumer credit files all over the United States and beyond, EXPERIAN is also authorized to do business in California, with a corporate headquarters located at 475 Anton Blvd., Costa Mesa, CA. 92626. Upon information and belief the registered *CEO is Brian Cassin*. Defendant EXPERIAN is an entity which among other activities, is a "*furnisher*" of negative consumer credit information.

    **10.**  Upon information and belief defendant EQUIFAX., is one the *three largest national CRA'S* which reports and maintains up to date consumer credit files all over the United States and beyond, EQUIFAX is also authorized to do business in California, with a corporate headquarters located at 1550 Peachtree Street NE, Atlanta, GA, 30309. Upon information and belief the registered *CEO is Richard F. Smith*. Defendant EXPERIAN is an entity which among other activities, is a "*furnisher*" of negative consumer credit information.

    **11.**  DOES 1 thru 25 inclusively, hereto, will be referred to as "credit bureau defendants" or "credit agency defendants", DOES 1-25 are/is a consumer creditor which, among other activities, reports allegedly delinquent consumer debts to credit bureaus and is a "furnisher" of negative consumer credit  to credit bureau defendants.

1    **12.**  <u>Defendants</u>  Does 1 thru 25, are individuals and business entities, form unknown,

2 doing business in the State of California as credit reporting agencies, debt collection agencies,

3 creditors or other persons or entities which engage in credit reporting and/or debt collection.

4 Does 1-25, Inclusive, includes individuals or business entities doing business in the State of

5 California as credit reporting agencies, debt collectors and/or creditors who have refused to delete

6 accounts of plaintiff that were procured through identity theft, mixed file or other manner of

7 recording an inaccurate credit account, even after plaintiff has notified them of the false or

8 inaccurate derogatory consumer credit information, and also who have reported such accounts as

9 derogatory credit references to credit reporting agencies CRA'S.

10    **13.**  Plaintiff TUCK does not know the true names and capacities, whether corporate,

11 partnership, associate, individual or otherwise of defendants sued hereinas Does 1 through 25,

12 inclusive, under the provisions of Section §474 of the California Code of Civil Procedure. Plaintiff

13 TUCK is informed and believes and on that basis alleges that defendants Does 1 through 25,

14 inclusive, are in some manner responsible for the acts, occurrences and transactions as officers,

15 directors or managing agents of defendants or as its agents, servants, employees and/or joint

16 ventures and as set forth in this Complaint, and that each of them are legally liable to plaintiff, as

17 set forth below and herein:

18    a)    Said Officers, directors or managing agents of defendants CO, NCA, TU, EXPERIAN,

19 EQUIFAX and Does 1-25 inclusively, personally acted willfully with respect to the matters alleged

20 in this Complaint;

21    b.    Said Officers, directors or managing agents of defendants CO, NCA, TU, EXPERIAN,

22 EQUIFAX and Does 1-25 inclusively, personally authorized, approved of, adopted and/or ratified

23 the acts alleged herein or the agents, servants, employees and/or joint ventures of defendants

24 did so act;

25    c.    Said Officers, directors or managing agents of defendants personally participated in the

26 acts alleged herein of the defendants;

27    d.    Said Officers, directors or managing agents of defendants CO, NCA, TU, EXPERIAN,

28 EQUIFAX and Does 1-25 inclusively, inclusively, personally had close supervision of their agents,

1 | servants, employees and/or joint ventures of defendants;

2 |      e.   Said Officers, directors or managing agents of defendants CO, NCA, TU, EXPERIAN,

3 | EQUIFAX and Does 1-25 inclusively, personally were familiar with the facts regarding the matters

4 | alleged herein;

5 |      f.   Said Officers, directors or managing agents of defendants personally failed to properly

6 | investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to

7 | repudiate the herein alleged actions and failed to redress the harm done to plaintiff TUCK. Further,

8 | said Officers, directors, or managing agents of defendants CO, NCA, TU, EXPERIAN, EQUIFAX

9 | and Does 1-25 inclusively,  failed and refused to punish or discharge the said agents, servants,

10 | employees and/or joint venturers of the defendants. Plaintiff will seek leave to amend this

11 | complaint to set forth the true names and capacities of the said fictitiously named defendants CO,

12 | NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 inclusively, as enumerated above, together with

13 | appropriate charging allegations, when learned.

14 |     **14.**   Plaintiff is informed and believes, and thereon alleges that at all relevant times herein

15 | each defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 inclusively, whether

16 | actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each

17 | other defendant, and in acting as such within the course, scope and authority of such relationship,

18 | took some part in acts and  omissions hereinafter set forth, by reason of which each defendant is

19 | liable to plaintiff for the relief prayed for in this Complaint, and any future amendedComplaint.

20 | Further, plaintiff alleges that each act alleged herein, whether by  named  defendants or fictitiously

21 | named defendants or otherwise, was expressly authorized or ratified, as these terms are used in

22 | California Civil Code Section §3294(b), by each and every other defendants CO, NCA, TU,

23 | EXPERIAN, EQUIFAX and Does 1-25 inclusively, herein, whether named or fictitiously named.

24 |     **15.**   Collectively, these defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25

25 | hereto will be referred to as "credit  bureau defendants" or "credit agency defendants", is a

26 | consumer creditor which, among other activities, reports allegedly delinquent consumer debts to

27 | credit bureaus and is a "*furnisher" of negative consumer credit to credit bureau defendants*.

28 |

# IV.  FACTUAL ALLEGATIONS

**16.**    Defendants CO, NCA, and Does 1-25 are *creditors* to *whomever they have established a business relationship with and/or provided services for which they can collect on the account*.

**17.**    Plaintiff TUCK alleges Defendants CO, NCA, and Does 1-25 are professional *consumer debt collectors,* and are attempting to collect a *consumer debt,* subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*(FDCPA), due to the fact Defendants CO, NCA, and Does 1-25 **did not ever** at have any *established business relationship* with Plaintiff TUCK and Defendants CO, NCA, and Does 1-25 is attempting to collect a consumer account that <u>never belonged to Plaintiff TUCK</u>.

**18.**    Plaintiff TUCK is a *consumer,* as the *purported alleged debt* Defendants CO, NCA, and Does 1-25 *have also been attempting to illegally collect on for many months now* is a *consumer debt,* from an *unknown person*.

**19.**    Referring to the preceding paragraphs, because Defendants CO, NCA, and Does 1-25 are all entities which are all *attempting to collect consumer debts from Plaintiff* which Plaintiff <u>did not incur;</u> brings Defendants CO, NCA, and Does 1-25 well within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code §1788 *et seq.* ("RFDCPA") .

**20.**    Plaintiff TUCK has ***no prior or present established relationship*** with the Defendants CO, NCA, and Does 1-25.

**21.**    Plaintiff TUCK received the <u>very first illegally placed call by</u> Defendants CO, NCA, and Does 1-25 <u>staff</u>on his T-Mobile emergency cell phone number **760-840-1813** on <u>Monday morning September 12, 2016.</u> When Plaintiff TUCK answered this first illegally placed call, the Defendants CO, NCA, and Does 1-25 staff/personnel member explained to her that ["they" Defendants CO, NCA, and Does 1-25 ] were looking for a past/present client of "theirs" who goes by the name of ZACH TUCK (hereinafter"TUCK"). They went on to explain in detail that TUCK presently owed "them"/ Defendant debt collector's CO, NCA, and Does 1-25 for two (2) past due Credit Card bills.

**22.**    Plaintiff TUCK informed the person on the phone that "*this was his emergency cell phone number,* that he *verbally disputed the debt* and *did not owe* Defendants CO, NCA, and Does 1-25 *any monies ever,* and **under no certain terms** Defendants CO, NCA, and Does 1-25

were instructed to not **"ever"** call him again on his emergency cell phone number."

Defendants CO, NCA, and Does 1-25 all ignored this verbal request and continued their illegal collection activities for more than [7] seven months to date.  Defendants CO, NCA, and Does 1-25 are presently still placing illegal collection calls to Plaintiff TUCK and using the placing of negative credit lines on his credit reports to illegally leverage TUCK to pay a debt *he does not owe*.

23.   Defendants CO, NCA, and Does 1-25 representative on the phone *assured Plaintiff TUCK that a record of the call was made*, their consumer clients name TUCK would be removed from this number, and *that no further calls from* Defendants CO, NCA, and Does 1-25 *would be placed to Plaintiff TUCK'S emergency cell phone number 760-840-1813*. To date, Defendants CO, NCA, and Does 1-25 has placed over [19] nineteen illegal consumer debt collection calls to his private emergency cell number, **[19] nineteen *of which are active statutory violations placed within the past four (4) years time*.

24.   Plaintiff TUCK *has no contractual obligation to pay* Defendants CO, NCA, and Does 1-25 **anything.**

25.   Plaintiff TUCK *has, at no time ever,  given* Defendants CO, NCA, and Does 1-25 *Plaintiff TUCK's emergency cell phone number*.

26.   Plaintiff TUCK **has never** given Defendants CO, NCA, and Does 1-25 *express written permission* to call Plaintiff TUCK'S emergency cellular phone.

27.   Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 **has never** *validated or verified the alleged consumer debt[s]* pursuant to U.S. statute 15 U.S.C. §1692g, *even thought requested to by certified mail on numerous occasions by this Plaintiff to do so.*

28.   *Even up to today's date of the filing of this Complaint*, Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 continues their harassing debt collection campaign and are continuing to report, [in the CRA'S case continue to not properly investigate and to report] [2] two *disputed/bogus* negative consumer credit lines [i.e. alleged credit card debt[s]] to all three CRA'S in Plaintiff TUCK's name and Social Security number. This continued illegal debt collection activity is presently *grossly affecting Plaintiff TUCK'S daily credit worthiness and ability to gain fair housing for the past several months now*.

1      **29.** From September 12, 2016 to the date of the filing of this Complaint Defendants CO,

2 NCA, and Does 1-25 illegally placed more than [19] nineteen consumer debt collection calls to

3 TUCK'S emergency San Diego area T-Mobile cell phone 760-840-1813, of which, *[19] nineteen*

4 *illegally placed collection calls* fall well within the four (4) year TCPA statute of limitation period,

5 [i.e. four (4) years from when the violation was "*first discovered*"].

6      **30. The TCPA statute of limitations is four (4) years**, so discovery may seek records

7 going back *at least four years*:

8                **[SEE** <sup>898 Jenkins v. G.C. Services, Ltd. P'ship, 2012 WL 1067947 (W.D.N.C. Mar. 29, 2012) ---</sup>

              **—** **defendant ordered to identify date and time of all calls to plaintiff's number for past**

9                  **four (4) years, and whether made by a person or an automatic telephone dialing system .**

10

11

12      **31.** From September 12, 2016 to today's date, Defendants CO, NCA, and Does 1-25

13 illegally placed more than [19] nineteen consumer debt collection calls to Plaintiff TUCK'S

14 emergency cell phone, ignoring Plaintiff TUCK's numerous oral and written demands **not** to call

15 Plaintiff's cell phone *after receiving the very first illegally placed call* on September 12, 2016.

16      **32.** These same [19] nineteen consumer collection calls from Defendants CO,

17 NCA, and Does 1-25 office number[s] (866) 927-9508 that were *inadvertantly/mistakenly/illegally*

18 placed to Plaintiff TUCK'S emergency cell phone number (760) 840-1813, were all illegally placed

19 using a phone system with automatic telephone dialing system *"capabilities"*, or, a telephone call

20 with *artificial and prerecorded voices,* attempting to collect a consumer debt by leaving a

21 prerecorded message, *and/or threatening to continue collection actions for nonpayment* of **an**

22 **alleged debt.**

23      **33.** Some of the calls from Defendants CO, NCA, and Does 1-25 would come to

24 Plaintiff's cell phone, when answered Plaintiff would say "hello", there would follow a pause, then

25 an automated prerecorded message would play, *stating similar*: "If you are? Zach Tuck, Press one".

26 When pressing one, a further message would continue. The call was not made by human hands nor

27 any conversation made with a human being. This is a *separate and distinct damage cause of action*

28 and clear cut *violation[s] of strict liability statutes of the TCPA*.

**34.** In another attempt to informally settle the pled violations Plaintiff TUCK sent [2] two different written letters of "Notice of Intent to Sue and Commence Action" the first mailed by U.S. Certified Mail Receipt # 7015 6040 0001 1648 1185, dated March 23,2017; and a second letter mailed by U.S. Certified Mail Receipt #7015 1730 0002 3346 1014, dated April 25, 2017, as a condition precedent to a damage suit being filed in the Ninth District. The letter was delivered to Defendants CO, NCA, and Does 1-25 which to today's date have gone completely un-answered. **[PLEASE SEE EXHIBIT "A" ATTACHED HERETO]**

**35.** Plaintiff TUCK assumed that Defendants CO, NCA, and Does 1-25 illegal debt collection calls and illegal reporting of negative credit lines on his credit reports would stop or be removed soon after the mailing of the two Notice's of Intent to Litigate, they did not.

**36.** Defendants CO, NCA, and Does 1-25 illegally placed debt collection calls continued *after* Plaintiff notified Defendants CO, NCA, and Does 1-25 numerous times over many months to stop. Defendants CO, NCA, and Does 1-25 intentionally, willfully and knowingly violated multiple strict liability statutes of the Telephone Consumer Protection Act (TCPA) with malice and disregard for the Plaintiff.

**37.** Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 do not care.

**38.** During all the above referenced [19] nineteen illegally placed debt collection calls to Plaintiff TUCK'S emergency cellular phone, Defendants CO, NCA, and Does 1-25 *staff/personnel asserted a right which it lacks, to wit, the right to enforce a debt*.

**39.** On all the above-referenced [19] nineteen illegal placed calls to Plaintiff TUCK'S emergency cell phone, Defendants CO, NCA, and Does 1-25 *failed to identify that "they" were professional debt collectors attempting to collect a consumer debt*.

**40.** On all the above-referenced [19] nineteen illegally placed calls to Plaintiff's cellular phone, Defendants CO, NCA, and Does 1-25 trespassed on Plaintiff and Plaintiff incurred multiple injuries as his peace was disturbed, Plaintiff's personal time was wasted, Plaintiff was charged for the calls, Plaintiff incurred wear and tear of his emergency cell phone and wear of his cell battery.

///

## V.   FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### TCPA §227(b)(1)(A) AND §227(b)(1)(A)(iii)
### BY DEFENDANTS NCA, CO, AND DOES 1-25

**41.**   Plaintiff TUCK re-alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 40 above as though fully set forth herein.

**42.**   This damage is for the more than [19] nineteen illegally placed calls placed by Defendants CO, NCA, and Does 1-25 to Plaintiff's emergency cell phone as listed in **Exhibit A** [each call a separate distinct individual strict statutory violation of the statute], **[i.e. "If i hit your car on Monday then again in Friday, that's two separate distinct violations]**

**43.**   As a separate and distinct damage and cause of action, Defendants CO, NCA, and Does 1-25 has demonstrated intentional and willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by continually violating strict liability statute; by the following:

**(TCPA) 47 U.S.C. §227(b)(1)(A) states in part;**

**(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT**

**(1)** PROHIBITIONS - It shall be unlawful for any person within the United States, or person outside the United States if the recipient is inside the United States -

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice—

**(TCPA) 47 U.S.C. §227(b)(1)(A)(iii) states in part;**

**(1) PROHIBITIONS—** It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

**(A)** to make any call (other than a call made for emergency purposes or made with the prior *express written consent* of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

**(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is called for the call;

**44.**   Defendants CO, NCA, and Does 1-25 has at caused/committed at least [19] nineteen separate and distinct TCPA strict statutory violations with their illegal debt collection activities over the past several months using telephone[s] with automatic dialing "capabilities".

**6.9.2a.6 Allegations of Harm in TCPA Cases:**

    **45.**  Plaintiff TUCK hereby SO STATES the following Allegations of Harm pursuant to **TCPA Allegations of Harm 6.9.2a.6** as follows:

- a) Congress enacted the TCPA to prevent real harm, Congress found that "automated" or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

- b) Defendants CO, NCA, and Does 1-25 [19] nineteen illegally placed debt collection calls, messages or texts harmed the Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of property".

- c) Defendants CO, NCA, and Does 1-25 [19] nineteen illegally placed debt collection calls, messages or texts harmed the Plaintiff by trespassing upon and interfering with the Plaintiff's rights and interests in Plaintiff's cellular phone.

- d) Defendants CO, NCA, and Does 1-25 [19] nineteen illegally placed debt collection calls, messages or texts harmed the Plaintiff by intruding upon Plaintiff TUCK's seclusion.

- e) Defendants CO, NCA, and Does 1-25 [19] nineteen illegally placed debt collection calls, messages or texts harmed the Plaintiff emergency cell phone, which was not even the person Defendants CO, NCA, and Does 1-25 was trying to call more than [19] nineteen times over several months time.

- f) Defendants CO, NCA, and Does 1-25 [19] nineteen illegally placed debt collection calls, messages or texts harmed the Plaintiff by causing Plaintiff aggravation and annoyance.

- g) Defendants CO, NCA, and Does 1-25 [19] nineteen illegally placed debt collection calls, messages or texts harmed the Plaintiff by wasting Plaintiff's valuable time.

- h) Defendants CO, NCA, and Does 1-25 [19] nineteen illegally placed debt collection calls, messages or texts harmed the Plaintiff by depleting the battery life on Plaintiff's cellular phone.

- i) Defendants CO, NCA, and Does 1-25 [19] nineteen illegally placed debt collection calls, messages or texts harmed the Plaintiff by using[emergency call or text minutes] allocated to Plaintiff by Plaintiff's cellular telephone service provider.

- j) Defendants CO, NCA, and Does 1-25 [19] nineteen illegally placed debt collection calls, messages or texts harmed the Plaintiff by using date storage space in Plaintiff TUCK'S emergency cell phone.

    **46.**  Plaintiff CARUSO has article III standing.

47.    Plaintiff spoke with Defendants CO, NCA, and Does 1-25 and Defendants CO, NCA, and Does 1-25 assured Plaintiff that the calls and debt collection attempts would stop. But Defendants CO, NCA, and Does 1-25 refused to cease communication and continued to report the alleged debt[s] to all three national CRA'S the entire time continually violating 47 U.S.C. §227 over a more than a [7] seven month period of time.

48.    Defendants CO, NCA, and Does 1-25 has damaged Plaintiff by violations of 47 U.S.C. §227 as follows:

§227(b)(1)(A) using a phone with automatic dialing system *capabilities* to call CARUSO.
§227(b)(1)(A) placing a call to CARUSO without an *emergency purpose*.
§227(b)(1)(A) placing a call to CARUSO without *express* (*written*) consent by CARUSO
§227(b)(1)(A) placing a call to CARUSO with an *artificial* or *pre-recorded voice*.
§227(b)(3)(B) placing a call to CARUSO *without an established business relationship*.
§227(b)(1)(A)(iii) placing a call to CARUSO for which CARUSO is *charged for the call*.
§227(b)(1)(A)(iii) placing a call *without prior express written permission* to call CARUSO.

49.    An *un-intentional* call carries a damage amount of $500 for the first *un-intentionally* placed call by Defendants CO, NCA, and Does 1-25. This same first illegally placed *un-intentional call* was made by Defendants CO, NCA, and Does 1-25 on September 12, 2017 in the early am.

50.    Each and every distinct additional ***intentional placed debt collection call*** illegally placed by Defendants CO, NCA, and Does 1-25 carries a damage amount of $1,500 each pursuant to 47 U.S.C.§227(b)(3).

51.    Defendants CO, NCA, and Does 1-25 have demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii) by calling the Plaintiff's emergency cell number more than [18] times after their first **intentionally** placed call of September 12, 2017, moreover even **after** being told by Plaintiff TUCK on the very first **intentionally** placed call to **NEVER** call his emergency cell phone number again.

52.    Each individual distinct call placed call by Defendants CO, NCA, and Does 1-25 staff after the first unintentional illegal call is subject to *treble* damages or $1,500 for each and every additional call pursuant to 47 U.S.C.§227(b)(3) as each call was *intentional and willful*.

53.    Plaintiff TUCK  and Defendants CO, NCA, and Does 1-25 (1) *do not have* an *established business relationship* within the meaning of 47 U.S.C. §227, (2) Plaintiff *did not* give Defendants CO, NCA, and Does 1-25 his personal emergency cell phone number, (3) Defendants CO, NCA, and Does 1-25 *did not* have *express written permission* to call Plaintiff's emergency cell phone, (4) Plaintiff notified Defendants CO, NCA, and Does 1-25 *verbally and in writing to stop calling* Plaintiff's emergency cell phones, (5) Plaintiff was charged for each call. Plaintiff is entitled to damages of $1,500 per statutory violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against Defendants CO, NCA, and Does 1-25 for statutory damages of $17,500.00, U.S. dollars plus attorneys fees and costs, pursuant to TCPA 47 U.S.C. §227.

## VI.  SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. §1692 *et seq.* AGAINST DEFENDANTS BY DEFENDANTS NCA, CO, AND DOES 1-25

54. Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 53 herein.

55.    Plaintiff TUCK is a *"consumer"* within the meaning of (FDCPA) 15 U.S.C.*§1692a(3)*.

56.Defendants CO, NCA, and Does 1-25 is a "*debt collector*"within the meaning of (FDCPA) 15 U.S.C. *§1692a(6)*.

57.    Defendants CO, NCA, and Does 1-25 violations include but are not limited to the following:

a)    Defendants CO, NCA, and Does 1-25 violated (FDCPA) 15 U.S.C.*§1692c(a)(1)* by contacting plaintiff TUCK at a *time and place known to be inconvenient.*

b)    Defendants CO, NCA, and Does 1-25 violated (FDCPA) U.S.C. *§1692d* *by engaging in conduct that the natural consequence of is to harass, abuse, and oppress* plaintiff TUCK.

**c)** Defendants CO, NCA, and Does 1-25 violated (FDCPA) U.S.C.*§1692d(2) by using abusive language in an attempt to collect an alleged debt* from the Plaintiff.

**d)** Defendants CO, NCA, and Does 1-25 violated (FDCPA) U.S.C.*§1692d(5)* when Defendants CO, NCA, and Does 1-25 *caused* plaintiff TUCK'S emergency *telephone to ring repeatedly and continuously more than [19] nineteen times over a several month period of time with the intent to annoy, abuse, and harass the Plaintiff.*

**e)** Defendants CO, NCA, and Does 1-25 violated (FDCPA) U.S.C.*§1692e by making false, deceptive and misleading representations in connection with the alleged consumer debt collection[s].*

**f)** Defendant CRB violated (FDCPA) 15 U.S.C. *§1692e(2) by falsely representing the character, amount, or legal status of any debt.*

**g)** Defendants CO, NCA, and Does 1-25 violated (FDCPA) 15 U.S.C.*§1692e(4) by misrepresenting that non-payment of any debt will result in the arrest or imprisonment of any person.*

**h)** Defendants CO, NCA, and Does 1-25 violated (FDCPA) 15 U.S.C.*§1692e(5) for threatening to take any action against the plaintiff that cannot legally be taken or that is not intended to be taken.*

**i)** Defendants CO, NCA, and Does 1-25 violated (FDCPA) 15 U.S.C.§1692e(8) *by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt was disputed and re-disputed.*

**j)** Defendants CO, NCA, and Does 1-25 violated (FDCPA) 15 U.S.C.§1692e(10) *by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

**k)** Defendants CO, NCA, and Does 1-25 violated (FDCPA) 15 U.S.C.§1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) *unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

l)    Defendants CO, NCA, and Does 1-25 violated (FDCPA) 15 U.S.C. §1692g by, *within five (5) days after the initial communication with plaintiff in connection with the collection of any debt, failing to send plaintiff a written notice containing a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing the thirty (30) day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgement against the consumer and a copy of such verification or judgement will be mailed to the consumer by the debt collector; and a statement that, upon the consumers's written request within the thirty (30) day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

**WHEREFORE,**   Plaintiff, ZACH TUCK, respectfully requests judgement be entered against Defendants CO, NCA, and Does 1-25 for the following:

**58.**    Declaratory judgement that the Defendants CO, NCA, and Does 1-25 conduct violated the Fair Debt Collection Practices Act,

**59.**    Statutory damages of $1,000.00 for each violation pursuant to the Fair Debt Collection Practices Act 15 U.S.C. *§1692k* .

**60.**    Costs and reasonable attorneys fees pursuant to the Fair Debt Collection Practices Act *15 U.S.C. §1692k.*

**61.**    Any other relief that this Honorable Court deems appropriate.

///
///
///
///
///
///

## VII.  THIRD CAUSE OF ACTION
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),
### 15 U.S.C. §1681 et *seq.* WILLFUL OR NON-COMPLIANCE BY
### DEFENDANTS NCA, CO, TRANS UNION, EXPERIAN, EQUIFAX & DOES 1-25

1

**62.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional

allegations and general factual allegations in paragraphs 1 thru 61 herein.

**63.**   Defendants CO, NCA and Does 1-25 are professional debt collectors with corporate

offices located inside the continental United States.

**64.**   Defendant's TU, EXPERIAN and EQUIFAX are all national consumer credit

reporting agencies or CRA'S.

**65.**   On or around September 23, 2016, Plaintiff TUCK, who is not a minor,

checked his consumer credit report from all three national credit reporting agencies,

Experian, Equifax, and Trans Union (collectively "CRAs"), and discovered *at least [2] two*

separate and individual consumer credit accounts collectively placed in negative status being

reported by Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25. These same

negative credit accounts were unfamiliar to Plaintiff TUCK, as he did not recall ever opening them

and *he was **never** informed by these furnishers* of *their negative credit reporting*. Three [3]

separate examples of these negative accounts were placed on the Plaintiff's consumer credit

reports [**PLEASE SEE EXHIBIT "B" attached herein**] EXPERIAN CRA consumer

credit report dated April 13, 2017,  CO partial account number 400344933078...., CO partial

account number 517805880120...., and NCA partial account number 2014CA69011....

**66.**   On March 06, 2017 and April 25, 2017 Plaintiff TUCK contacted the

Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 disputing in writing

the unknown negative credit accounts being reported by the defendants's  pursuant

to 15 U.S.C. §1681s-2(b) (FCRA).

**67.**   On March 06, 2017 and April 25, 2017, following his credit bureau

disputes, Plaintiff TUCK sent letters to these Defendants CO, NCA, TU, EXPERIAN,

EQUIFAX and Does 1-25 in which he *demanded* documentation substantiating the

existence, ownership and *accuracy* of the negative consumer credit accounts

reported by each of them, *otherwise their immediate deletion from his credit file*.

**68.** Upon receipt of Plaintiff's disputes these same Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 each continued to report the [3] disputed accounts to CRAs, without notice that the accounts had been disputed by Plaintiff, all throughout the investigation period and thereafter. They further failed to properly address Plaintiff's direct disputes and re-disputes with them and *failed to provide for his requested* "verification" and "validation" for these disputed negative consumer accounts.

**69.** During March, April and May of 2017 Plaintiff TUCK followed up with the Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 and each one of them on multiple occasions in writing, submitting and re-submitted his requests/disputes and *demanding immediate deletion of the unverified accounts due to lack of verification*, but each of these correspondences went *unanswered, ignored,* or were improperly handled and responded to, all of his efforts and correspondences proved *unsuccessful* in attaining *Defendants' cooperation*.

**[PLEASE EXHIBITS C.1. C.2 AND C.3 ATTACHED HERETO].**

**70.** Regardless of Plaintiffs' numerous attempts to seek Defendants' cooperation Defendants' each one of them continuously, to date, failed to answer back to Plaintiff with appropriate proof of investigation and verification of the information in dispute and *totally and completely failed to take corrective action*.

**71.** These inaccurate consumer credit accounts negatively reflect upon Plaintiff as a consumer, borrower/debtor and they negatively impact his creditworthiness and financial standing in an ever increasing way.

**72.** Plaintiff TUCK has suffered financial and emotional distress as a direct result of Defendants' violations, which include but are not limited to the following:

a.   Actual damages arising from monetary losses related to denials to new credit, loss of use funds, loss of credit and loan opportunities, excessive and/or elevated interest in financial charges;

b.   Out of pocket expenses associated with communicating with Defendants', disputing the negative credit information, and fees paid to attorneys and credit professionals for the assistance attained in the process;

c.    Emotional distress and mental anguish associated with having derogatory credit information transmitted about Plaintiff to other people both known and unknown;

d.    Decreased credit score and creditworthiness, which may result in the inability to obtain credit, employment or affordable housing without larger security deposits on future attempts.

**73.**    Defendants' knowingly and willfully violated the FCRA. Defendants' violations include, but are not limited to the following:

a.    Failing to inform Plaintiff about negative credit reporting made on his credit report, prior to within five (5) days of furnishing a collection account to the CRA'S, in violation of (FCRA) 15 U.S.C. §1681s-2(a)(7)(A),;

b.    Failing to conduct a proper and complete investigation of disputed negative consumer credit information upon the receipt of Plaintiff TUCK's disputes in violation of (FCRA) 15 U.S.C.§1681s-2(a)(8)(E);

c.    Verifying disputed accounts with the CRA'S prior to conducting a thorough investigation and without having substantiating support for such verification;

d.    Reporting disputed information to the CRAs, without notice of Plaintiff's dispute, during the investigation period and prior to providing verification of accuracy in violation of (FCRA) 15 U.S.C.§1681s-2(a)(3);

e.    Out of pocket expenses associated with the communication with Defendants, disputing the negative consumer credit information, and fees paid to attorneys and credit professionals for their assistance attained in the process.;

**74.**    The (FCRA) 15 U.S.C.§1681b defines the *permissible purpose* for which a person may obtain a consumer credit report.

**75.**    Such *permissible purposes* as defined by (FCRA) 15 U.S.C.§1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

76.  Plaintiff TUCK has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from any/all of the Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25.

77.  At *no time* did Plaintiff TUCK give his consent for Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 , to acquire his consumer credit report from *any* consumer reporting agency ("CRA").

78  Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 , have demonstrated willful and/or knowing non-compliance with the (FCRA), 15 U.S.C.§1681b and repeatedly violating plaintiff TUCK's right to privacy.

79.  Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 , had a *duty* to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer credit  report and Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 , *breached said duty by failing to do so*.

**WHEREFORE,**   Plaintiff, ZACH TUCK, respectfully requests judgement be entered against Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 for the following:

80.  Declaratory judgement that the Defendants CO, NCA, TU, EXPERIAN, EQUIFAX and Does 1-25 illegal conduct violated the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681s-2 *et seq.*

81.  Statutory damages of $1,000.00 for each violation pursuant to the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681s-2 *et seq.* Costs and reasonable attorneys fees pursuant to the Fair Credit Reporting Act  (FCRA) 15 U.S.C. §1681s-2 *et seq.* Any other relief that this Honorable Court deems appropriate.

///

///

///

## VII.  FOURTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CIVIL CODE §1788 et seq. BY DEFENDANTS CO, NCA, AND DOES 1-25

**82.**  Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in the above paragraphs 1 thru 81 herein.

**83.**  Plaintiff is a _consumer_ within the meaning of 15 U.S.C. §1692 _et seq._

**84.**  Defendants CO, NCA, and Does 1-25 are _seeking to collect a consumer debt_ from Plaintiff TUCKas defined by California Civil Code §1788.10(f).

**85.**  The credit account[s] in question is consumer credit transaction as defined by California Civil Code §1788.2(e) as Plaintiff TUCK has allegedly received property or money from Defendants CO, NCA, and Does 1-25 or TUCK has received an extension of credit, services or money which was used primarily for personal, family, or household purposes.

**86.**  Defendants CO, NCA, and Does 1-25 have damaged Plaintiff TUCK by violations of California Civil Code §1788 as follows:

**a.**  §1788.10(c) debt collector Defendants CO, NCA, and Does 1-25 negative credit reporting knows will defame the debtor TUCK.

**b.**  §1788.10(f) threat by Defendants CO, NCA, and Does 1-25  to take action which is prohibited by this title.

**c.**  §1788.11(e) constitutes harassment.

**d.**  §1788.12(c) communication .. Deadbeat list (Debt Report)

**e.**  §1788.13(j) false representation . . threatening service termination . . unless payment is made.

**f.**  §1788.17 shall comply with provisions of §1692b to §1692j; subject to §1692k.

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against Defendants CO, NCA, and Does 1-25 for statutory damages of $1,000.00 U.S. dollars, attorneys fees pursuant to §1788.30(b) and costs, pursuant to §1788.30(c).

Respectfully submitted,

Dated this 28thday of April 2017          _Zach Tuck_

**ZACH TUCK, PLAINTIFF IN PRO SE**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues, so triable as a matter of law.

## VERIFICATION OF ZACH TUCK

1.    I, ZACH TUCK, declare as follows:

2.    I am of age, sound mind and competent to testify to facts based on firsthand knowledge of all of the above items as so stated herein.

3.    I have been damaged financially, credit wise, socially and emotionally as a result of Defendants CO, NCA, and Does 1-25 unlawful actions and numerous violations as so stated in the attached Complaint . . .

4.    I have read all of the foregoing pleadings and know the facts therein so stated To be true and correct to the best of my knowledge.

5.    I declare, under the penalty of perjury to the laws of the state of California, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated this 28th day of April 2017

*Zach Tuck*

**ZACH TUCK, PLAINTIFF IN PRO SE**

///
///
///
///
///
///
///
///