# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ZACH TUCK,

    Plaintiff,

v.

NATIONAL CREDIT ADJUSTERS, et al.,

    Defendants.

Case No. 17-cv-0884 DMS (NLS)

**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DENYING AMENDED MOTION TO PROCEED *IN FORMA PAUPERIS***

On May 1, 2017, Plaintiff Zach Tuck, a nonprisoner proceeding *pro se*, filed a Complaint alleging violations of the Telephonic Consumer Practices Act ("TCPA"), the federal Fair Debt Collections Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Plaintiff has not paid the $400 civil filing fee required to commence this action, but rather, has filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). Plaintiff filed an amended motion to proceed IFP on December 20, 2017.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915(a), a court may

authorize the commencement of a suit without prepayment of fees if a plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay filing fees. *See* 28 U.S.C. § 1915(a). "[A] plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Plaintiff and his family are no strangers to this Court. Plaintiff's family "appear to have developed a cottage industry suing their creditors for violations of the TCPA, FDCPA and the FCRA. In each case, the parties request to proceed IFP, listing liabilities that far exceed assets. Curiously, however, despite the fact that they have received settlements from approximately a dozen different defendants, their assets and cash in their bank accounts remained unchanged." *Tuck v. Pacer Serv. Ctr. U.S. Courts*, No. 17-CV-1720-BAS-KSC, 2017 WL 4050356, at *1 (S.D. Cal. Sept. 12, 2017). Plaintiff has likewise filed several cases in this Court since May 2017, alleging violations of the TCPA, FDCPA, FCRA, and RFDCPA against various defendants. *See Tuck v. Capitol One Bank, et al.*, Case No. 17-cv-1555 JLS (AGS), *Tuck v. Collection at Law, Inc., et al.*, Case No. 17-cv-1556 CAB (BLM), *Tuck v. Paypal Credit, et al.*, Case No. 17-cv-1577 AJB (JMA), and *Tuck v. Wells Fargo Bank, et al.*, Case No. 17-cv-1595 JAH (JLB). In all these cases, Plaintiff requested to proceed IFP, which the Court denied. For the reasons stated in the orders denying Plaintiff's motions to proceed IFP in the four cases, Plaintiff's amended IFP motion is denied and the initial IFP motion is denied as moot.

If Plaintiff wishes to proceed with the instant matter, Plaintiff must pay the filing fee no later than **February 5, 2018**. If the filing fee is not paid by this date, this case will be closed by the Clerk of Court without further order from the Court. *See In re Anderson*, 511 U.S. 364, 366 (1944) ("In order to prevent frivolous

petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny in forma pauperis status to those individuals who have abused the system.") (citation omitted); *see also Zatko v. California*, 502 U.S. 16, 17 (1991) (denying IFP status to two petitioners who "repeatedly abused the integrity" of the IFP process with "frequent frivolous filings," which the Court found compromised the Court's "goal of fairly dispensing justice").

**IT IS SO ORDERED.**

Dated: January 22, 2018

Hon. Dana M. Sabraw
United States District Judge